LEONIDOU & ROSIN
Professional Corporation
Patricia Walsh (SBN: 121098)
Spencer J. Reckon (SBN 312909)
777 Cuesta Drive, Suite 200
Mountain View, CA 94040
Telephone: (650) 691-2888
Facsimile: (650) 691-2889
pwalsh@alr-law.com
sreckon@alr-law.com

Attorneys for Use-Plaintiff
COMMERCIAL DOOR & FRAME, INC.

Scott R. Baker, Lawyer
148 N. 13th Street, Suite 250
Grover Beach, CA 93433
805-704-8373
805-481-6948 (fax)
sr-baker@pacbell.net

Attorney for Defendants
PRE CON INDUSTRIES, INC., and,
UNITED FIRE & CASUALTY COMPANY

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, for the Use and Benefit of COMMERCIAL DOOR & FRAME, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED FIRE & CASUALTY COMPANY, a purported Iowa corporation; PRE CON INDUSTRIES, INC., a purported California corporation,<br><br>Defendants. | Case No.: 18-cv-01185-NC<br><br>STIPULATION OF DISMISSAL AND [~~PROPOSED~~] ORDER |

WHEREAS, Use-Plaintiff Commercial Door & Frame, Inc. ("Use-Plaintiff") filed its Complaint against Defendants United Fire & Casualty Company and Pre Con Industries, Inc. (collectively "Defendants") on February 23, 2018, alleging causes of action for Recovery on Miller Act Payment Bond, Monies Due, Quantum Meruit, Account Stated, and Breach of Contract;

WHEREAS, Use-Plaintiff and Defendants settled this matter on or about April 26, 2018;

THEREFORE, IT IS HEREBY STIPULATED by and between Use-Plaintiff and Defendants through their designated counsel that the above-captioned action should be dismissed with prejudice pursuant to the terms of the settlement agreement, a true and correct copy of which is attached hereto as **Exhibit A**.

IT IS SO STIPULATED

Dated: May 9, 2018     By: /s/ Spencer Reckon
Attorney for Use-Plaintiff
Commercial Door and Frame, Inc.

Dated: May 9, 2018     By: /s/ Scott Baker
Attorney for Defendants
Pre Con Industries, Inc. and United Fire &
Casualty Company

ATTESTATION OF CONCURRENCE

I, Spencer J. Reckon, attest that I am one of the attorneys for Commercial Door and Frame, Inc., and as the ECF user and filer of this document. I attest that, pursuant to United States District Court, Northern District of California, Civil L.R. 5-1(i)(3), concurrence in the filing of this document has been obtained from Defendants Pre Con Industries, Inc. and United Fire & Casualty Company's counsel Scott R. Baker, the above signatory.

Dated: May 9, 2018     By: /s/ Spencer Reckon
Spencer J. Reckon

# [PROPOSED] ORDER

The Court having considered the stipulation of the parties, and good cause appearing therefor, orders as follows:

1. The action is dismissed with prejudice.
2. Each party shall bear their own costs and attorney's fees.

IT IS SO ORDERED.

Dated: May 11, 2018  _____
UNITED STATES DISTRICT JUDGE



GRANTED
Judge Nathanael M. Cousins

Exhibit A

# SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is entered into by and between Plaintiff COMMERCIAL DOOR & FRAME, INC., a California Corporation ("CDF" or "Plaintiff"), and Defendant PRE CON INDUSTRIES, INC. ("PCI") (collectively referred to as the "Parties"), who agree as set forth below.

1. **Recitals.** This Agreement is made with reference to the following recital of essential facts:

    1.1 CDF is the Plaintiff and PCI and UNITED FIRE & CASUALTY COMPANY ("UFCC") are the Defendants in Action No. 18-cv-01185 pending in the United States District Court, Northern District of California (the "Lawsuit").

    1.2 UFCC is the surety for PCI related to subject matter of the Lawsuit, and is the issuer of the Payment Bond, No. 54-206890, referenced in Plaintiff's complaint, and attached as Exhibit "A" to that complaint (the "Bond").

    1.3 Without admitting liability and solely for the purpose of resolving their dispute, the Parties now agree to settle their dispute on the Lawsuit, and release claims, on the terms set forth herein.

2. **Terms of Settlement.**

    2.1 PCI shall pay the sum of eighteen thousand dollars, and zero cents ($18,000.00), payable to Leonidou & Rosin Professional Corporation in trust for CDF, by company check within ten (10) days of the full execution of this Agreement by the Parties. Interest shall accrue if payment is not timely made.

    2.2 Within ten (10) days following the payment in good and sufficient funds as stated in Paragraph 2.1, above the Parties will execute and file jointly a request for dismissal with prejudice of the Lawsuit in order to completely dismiss and terminate the referenced action.

    2.3 The Parties shall each bear their own attorneys' fees and costs incurred in connection with the Lawsuit including any related fees or costs incurred prior to the filing of the Lawsuit.

3. **Release of Claims.** Except for the obligations set forth in, created by, arising out of or reserved by this Agreement, the Parties, for themselves, and for all of their heirs, executors, administrators, attorneys, successors and assigns, do hereby fully and forever release, discharge, and dismiss any and all present and future claims, demands, causes of action, rights, damages, costs, expenses and compensations whatsoever, in law or in equity, in the nature of an administrative proceeding or otherwise (known, unknown, contingent, accrued, inchoate or otherwise), that they have, have had or may have, now or in the future, against each other, and all companies, partnerships, individuals, associated or affiliated or otherwise connected with them, and their agents, attorneys, servants, successors, heirs, executors, associations or partnerships, arising out of or relating in any way to the Lawsuit, the Project, or the Bond, which are the subjects of the Lawsuit. Provided, however, that the provisions of this paragraph are not intended to, and shall not, remise, release or discharge any claim or defense which PCI may have, or which may arise, against CDF for: (a) indemnity or contribution arising from: (i) third party personal injury or property damage claims; (ii) claims asserted by the CDF's subcontractors or suppliers, or employees; and (iii) claims of warranty made by the owner related to the work performed or the materials supplied by CDF to the Project up to and including the date of this Agreement, which claims or defenses are expressly reserved by PCI. Further, CDF releases UFCC from any claim or liability arising from or under the Bond subject to payment being made as required in this Agreement.

4. **Waiver of Statutory Rights.** Except for the obligations set forth in, created by, arising out of or reserved by this Agreement and subject to payment being made as required in this Agreement, the Parties hereby acknowledge that they are familiar with California Civil Code §1542, which provides as follows:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

Except as provided for under the terms of this Agreement, the Parties waive and relinquish any and all rights and benefits which they may have under, or which may be conferred upon them by, the provisions of §1542 of the California Civil Code and/or by any similar law of any state or territory of the United States, to the fullest extent that they may lawfully waive such rights or benefits pertaining to the subject matter of this Agreement. In connection with such waiver and relinquishment, the Parties acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those which each of them now knows or believes to exist with respect to the subject matter of, or any part to, this Agreement, but that it is the intention of the Parties to hereby fully, finally and forever waive said claims, whether known or unknown, suspected or unsuspected, which concern, arise out of, or are in any way connected with the Lawsuit, the Project, or the Bond, referenced in the Lawsuit.

5. **Representation and Warranties.**

   5.1 Except as otherwise set forth in this Agreement, each of the Parties hereby represents and warrants that it has not previously assigned or transferred in any manner, or purported to have assigned or transferred in any manner, and is the sole owner of any of the claims described or set forth in Paragraph 3, above, entitled "Release of Claims."

   5.2 Except as otherwise set forth in this Agreement, each of the Parties hereby represents and warrants that the person executing this Agreement on its behalf is duly authorized to do so, and that he/she is authorized to bind the party to the terms set forth herein.

6. **Admission of Liability.** Nothing in this Agreement shall be construed as an admission of liability by any of the Parties to this Agreement.

7. **Governing Law.** This Agreement shall be governed by and interpreted in accordance with the laws of the State of California.

8. **Further Assurances.** Each party to this Agreement shall execute all instruments and documents and take all action as may be reasonably required to effectuate this Agreement, including anything related to the requirements for disbursement of payment stated in Paragraph 2.1, above.

9. **Continuing Jurisdiction; FRCP 41**. The Parties agree that this Agreement is legally binding and that it may be enforced by the Court having jurisdiction over the Lawsuit. To that end, in stipulating to the dismissal of the Lawsuit the Parties request the Court retain jurisdiction solely for the purposes of enforcing the terms of this settlement, should that become necessary. In the event that any Party hereto shall request that the Court enforce the terms of this settlement, or, should the Court decline to retain jurisdiction, commence an action, lawsuit or other proceeding, including arbitration, against any other Party to enforce the terms of this Agreement or to declare rights hereunder as the result of a breach of any covenant or condition of this Agreement or concerning the interpretation, validity, performance or breach of any of the terms and conditions of this Agreement, the prevailing party in any such action or proceeding shall be entitled to recover from the losing Party its costs, including reasonable attorneys' fees incurred in any such action, lawsuit or proceeding, including any and all appeals or petitions relating thereto.

10. **Time of Essence**. Time is of the essence with respect to each provision of this Agreement.

11. **Modification**. This Agreement may be modified only by a writing executed by the party to this Agreement against whom enforcement of such modification is sought.

12. **Prior Understandings**. This Agreement contains the entire agreement between the Parties with respect to the subject matter of this Agreement, is intended as a final expression of such Parties' agreement with respect to such terms as are included in this Agreement, is intended as a complete and exclusive statement of the terms of such agreement, and supersedes all negotiations, stipulations, understandings, agreements, representations and warranties, if any, with respect to such subject matter, which precede or accompany the execution of this Agreement.

13. **Interpretation**. Whenever the context so requires in this Agreement, all words used in the singular shall be construed to have been used in the plural (and vice versa), each gender shall be construed to include any other genders, and the word "person" shall be construed to include a natural person, a corporation, a firm, a joint venture, a trust, an estate, or any other entity.

14. **Partial Invalidity**. Each provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law. If any provision of this Agreement or the application of such provision to any person or circumstance is, to any extent, deemed to be invalid or unenforceable, the remainder of this Agreement, or the application of such provision to persons or circumstances other than those to which it is held invalid or unenforceable, shall not be affected by such invalidity or unenforceability, unless such provision or such application of such provision is essential to this Agreement.

15. **Successors-in-Interest and Assigns**. Except as otherwise set forth in this Agreement, the Parties, and each of them, shall not assign or delegate to any other person this Agreement or any rights or obligations under this Agreement. Subject to any restriction on transferability contained in this Agreement, this Agreement shall be binding upon and shall inure to the benefit of the successors-in-interest and assigns of the Parties hereto, and each of them. Nothing in this Paragraph shall create any rights enforceable by any person other than the Parties, except for the rights of the successor-in-interest and assigns of the Parties, unless such rights are expressly granted in this Agreement to other specifically identified persons.

16. **Counterparts**. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original. All counterparts so executed shall constitute one Agreement binding all the Parties hereto. A photocopy or fax reproduction of an original copy of the Agreement shall be of the same binding effect as the original.

17. **No Inducement or "Drafting Party"**. Each of the Parties have had the opportunity to, and have to the extent each deemed appropriate, obtained legal counsel concerning the content and meaning of this Agreement. Each of the Parties agrees and represents that no promise, inducement or agreement not herein expressed has been made to effectuate this Agreement, and that this Agreement represents the entire agreement between the Parties. Each of the Parties' respective legal counsel have reviewed and approved this Agreement. The rule of construction that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

(Approved as to Form and Content:

_____
Scott R. Baker, Attorney for PCI and UFCC

*Patricia Walsh* (signature)
Patricia Walsh, Attorney for CDF)


COMMERCIAL DOOR & FRAME, INC.

Dated: 4/26/2018       By: _____
                       Name: Ronald B. Autrand
                       Its: President


PRE CON INDUSTRIES, INC.

Dated: _____         By: _____
                       Name: _____
                       Its: _____

17. **No Inducement or "Drafting Party"**. Each of the Parties have had the opportunity to, and have to the extent each deemed appropriate, obtained legal counsel concerning the content and meaning of this Agreement. Each of the Parties agrees and represents that no promise, inducement or agreement not herein expressed has been made to effectuate this Agreement, and that this Agreement represents the entire agreement between the Parties. Each of the Parties' respective legal counsel have reviewed and approved this Agreement. The rule of construction that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

(Approved as to Form and Content:

_____
Scott R. Baker, Attorney for PCI and UFCC

_____
Patricia Walsh, Attorney for CDF)


COMMERCIAL DOOR & FRAME, INC.

Dated: _____   By: _____
                        Name: _____
                        Its: _____


PRE CON INDUSTRIES, INC.

Dated: 4/26/18   By: _____
                     Name: JOHN AMBURGEY
                     Its: PRESIDENT